**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 1 0 2022

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ROBBIE WALLACE, Individually and on Behalf of All Others Similarly Situated**                              **PLAINTIFF**

VS.                               No. 2:22-cv-105-BSM

**KIDS FOR THE FUTURE, INC.**                              **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Robbie Wallace ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Laura Edmondson and Josh Sanford of Sanford Law Firm, PLLC, for her Original Complaint—Collective Action ("Complaint") against Defendant Kids for the Future, Inc. ("Defendant"), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the overtime provisions of the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2.    Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policies and practice of failing to pay proper overtime compensation under the FLSA and the AMWA.

This case assigned to District Judge Miller
and to Magistrate Judge Ray

## II.   JURISDICTION AND VENUE

3.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.   This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.   Defendant is headquartered in West Memphis. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6.   Plaintiff is an individual and resident of Tennessee.

7.   Defendant is a domestic, for-profit corporation.

8.   Defendant's registered agent for service is Rita Reed Harris at 208 North Izard, Forrest City, Arkansas 72335.

9.   Defendant, in the course of its business, maintains a website at http://www.kidsforthefuture.com/.

## IV.   FACTUAL ALLEGATIONS

10.   Within the two years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

11.   Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

12.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13.     At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the AMWA.

14.     Defendant employed Plaintiff as an hourly-paid Qualified Behavior Provider ("QBP") from November of 2019 until April of 2022.

15.     Plaintiff was primarily responsible for meeting with and counseling children with behavioral issues.

16.     Defendant also employed other hourly-paid QBPs within the three years preceding the filing of this lawsuit.

17.     Other QBPs had the same or substantially similar job duties as Plaintiff.

18.     At all relevant times herein, Defendant directly hired hourly-paid QBPs to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19.     Plaintiff and other QBPs recorded some of their hours worked via Defendant's billing app and some via paper timesheet.

20.     Plaintiff regularly worked hours over 40 each week.

21.     Upon information and belief, other QBPs also worked hours over 40 each week.

22.     Plaintiff regularly worked hours which went unrecorded and uncompensated.

23.     Plaintiff was required to complete patient charting and other administrative work after her shift was over. Defendant considered time spent on patient charting to "admin time."

24.     Plaintiff was also required to attend weekly staff meetings which time was also considered admin time by Defendant.

25.     Plaintiff regularly drove between patient appointments, and drive time was also considered admin time by Defendant.

26.     Defendant regularly failed to pay Plaintiff for her admin time.

27.     Upon information and belief, other QBPs performed administrative work such as patient charting, attending staff meetings and driving between patient appointments, and they were also not paid for this time.

28.     The patient charting completed by Plaintiff and other QBPs is timestamped within the Credible app that Plaintiff and other QBPs were required to use.

29.     Plaintiff also occasionally responded to text messages or phone calls from clients or a client's parents after hours, and she was not compensated for this time.

30.     In staff meetings, Plaintiff regularly discussed the after-hours work with her supervisors.

31.     Defendant knew or should have known that Plaintiff and other QBPs were working hours which went unrecorded and uncompensated.

32.     Defendant did not reimburse Plaintiff for mileage or travel expenses.

33.     Upon information and belief, Defendant did not reimburse other QBPs for mileage or travel expenses.

34.     29 U.S.C. § 531.35 states, "The wage requirements of the [FLSA] will not be met where the employee 'kicks-back' directly or indirectly to the employer . . . the whole or part of the wage delivered to the employee."

35.     Because Defendant failed to reimburse Plaintiff and other QBPs for mileage and travel expenses, Plaintiff and other QBPs consistently "kicked-back" the cost of mileage to Defendant, which led to additional overtime violations

36.     At all relevant times herein, Defendant has deprived Plaintiff and similarly situated QBPs of sufficient overtime compensation for all of the hours worked over forty per week.

37.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA and the AMWA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

38.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated, and any other employees who performed the same or similar work, regardless of job title, who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Regular wages and overtime premiums for all hours worked over forty hours in any week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

39.     Plaintiff proposes the following collective under the FLSA:

**All hourly paid QBPs within the last three years.**

40.    In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41.    The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42.    The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.    They were paid hourly;

B.    They had substantially similar job duties and responsibilities;

C.    They recorded "admin time" for time spent completing patient charting, attending staff meetings and driving between patient appointments;

D.    They were not paid for admin time in at least one week in which they also worked over 40 hours.

43.    Plaintiff is unable to state the exact number of the collective but believes that it exceeds 50 persons.

44.    Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

45.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

46.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

47.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

49.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

50.    Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

51.    Defendant failed to pay Plaintiff for all hours worked, including 1.5x her regular rate for all hours worked in excess of forty hours per week.

52.    Defendant knew or should have known that its actions violated the FLSA.

53.    Defendant's conduct and practices, as described above, were willful.

54.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

55.    Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

57.    Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.    At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59.    29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

60.    Defendant classified Plaintiff and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

61.    Defendant failed to pay Plaintiff and similarly situated employees for all hours worked, including 1.5x their regular rate for all hours worked in excess of 40 hours per week.

62.    Defendant deprived Plaintiff and similarly situated employees of compensation for all of the hours worked over 40 per week, in violation of the FLSA.

63.    Defendant knew or should have known that its actions violated the FLSA.

64.    Defendant's conduct and practices, as described above, were willful.

65.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

66.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

67.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

68.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201, *et seq.*

69.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

70.     Sections 210 and 211 of the AMWA require employers to pay all employees a minimum wage for all hours worked, and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

71.    Defendant classified Plaintiff as nonexempt from the requirements of AMWA.

72.    Defendant failed to pay Plaintiff for all hours worked, including overtime wages as required under the AMWA for all hours that Plaintiff worked in excess of forty per week.

73.    Defendant knew or should have known that its practices violated the AMWA.

74.    Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

75.    By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the AMWA.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Robbie Wallace, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A.    A declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the AMWA and their related regulations;

B.    Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.    Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid wages under the FLSA, the AMWA and their related regulations;

D.    Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the AMWA and their related regulations;

E.      An order directing Defendant to pay Plaintiff and all others similarly situated

interest, a reasonable attorney's fee and all costs connected with this action; and

F.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ROBBIE WALLACE, Individually**
**and on Behalf of All Others**
**Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Laura Edmondson
Ark. Bar No. 2021312
laura@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com