IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**ROBBIE WALLACE,** *Individually and* **PLAINTIFF**
*on Behalf of All Others Similarly Situated*

v.                     CASE NO. 2:22-CV-00105-BSM

**KIDS FOR THE FUTURE, INC.**                                     **DEFENDANT**

<u>**ORDER**</u>

Kids for the Future, Inc.'s motion for summary judgment [Doc. No. 15] is granted on the single issue of Robbie Wallace's pay method, because there is no genuine dispute that Kids for the Future paid Wallace on a piece rate basis. Wallace's complaint [Doc. No. 1] is dismissed with prejudice because her claims are premised on her allegation that she was paid on an hourly basis. Wallace's motion for conditional certification [Doc. No. 8] is denied as moot, and her motion for leave to amend the complaint [Doc. No. 22] is denied because the amendment would be futile as a collective action.

I. BACKGROUND

Wallace worked as a Qualified Behavioral Health Provider (QBHP) for Kids for the Future for over two years. Pl.'s Resp. to Def.'s Facts ¶ 1, Doc. No. 21. As a QBHP, Wallace provided behavioral health services to children and adolescents. *Id.* ¶ 2. Her duties included meeting with patients in their homes or schools, patient charting, driving between patient appointments, attending staff meetings and training, and responding to text messages and phone calls from patients or their parents. Decl. of Robbie Wallace ¶¶ 7–8, 12, Doc. No. 20-1; Compl. ¶¶ 15, 23–29, Doc. No. 1. Wallace was responsible for recording her time through

a software application and time sheets provided by Kids for the Future. Wallace Decl. ¶ 5; *see also* Aff. of Dan Mest ¶ 6, Doc. No. 15-1.

Kids for the Future did not pay Wallace an hourly rate for all of the time she worked, but rather paid her fixed rates for services she provided that could be billed to a patient's insurance. Mest Aff. ¶¶ 5, 16–17, Ex. 1. The pay Wallace received for a given service was often calculated in billable fifteen minute increments. *See Id*. at Ex. 1; Wallace Decl. ¶ 11. These billable increments were subject to rounding and did not always correspond to the exact amount of time Wallace spent providing the service. Wallace Decl. ¶ 11. In addition to paying Wallace for billable services, Kids for the Future paid Wallace a separate rate for training time. *Id*.

Wallace occasionally recorded billable and non-billable time that combined to exceed forty hours in a given week. Mest Aff. ¶ 14, Ex. 1. For these weeks, Kids for the Future paid Wallace an additional overtime premium. *Id*. Kids for the Future's calculation of Wallace's additional overtime premium involved two steps. First, Kids for the Future determined Wallace's regular rate of pay for the week by dividing her total compensation (which consisted primarily of her billable services and training pay) by her total hours of work recorded. *Id*. ¶¶ 13–14, Ex. 1. Second, Kids for the Future multiplied one half of Wallace's regular rate of pay by the number of hours she recorded over forty hours to determine her additional overtime premium for that week. *Id*. When Wallace did not record working more than forty hours in a given week, she was only paid for the billable services she provided and

her training time, regardless of how many non-billable hours she also recorded. *Id*. at Ex. 1; *see also* Wallace Decl. ¶ 8. In both overtime and non-overtime weeks, Wallace's pay always exceeded the minimum wage when factoring her total compensation received and the number of hours she recorded working. Mest Aff. at Ex. 1 (*see* bottom row entitled "Average Hourly Rate" on pages 13–21 of exhibit).

Wallace has now filed a class action lawsuit against Kids for the Future under the Fair Labor Standards Act and the Arkansas Minimum Wage Act for unpaid wages and overtime compensation. She alleges that Kids for the Future failed to pay her for all hours worked, failed to properly calculate her overtime pay, and failed to reimburse her for mileage and travel expenses. Wallace asserts that Kids for the Future hired her as an hourly-paid employee. Kids for the Future moves for summary judgment on Wallace's claims before a collective has been conditionally certified.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must

be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Kids for the Future's motion for summary judgment is granted on the single issue of Wallace's pay method because no reasonable juror would find that Kids for the Future paid Wallace on an hourly basis, which is an essential element of her present claims.

A.   Wallace's Pay Method

Kids for the Future argues that summary judgment should be granted on Wallace's claims because it hired Wallace as a piecework employee. *See* Mest Aff. ¶ 5. Piecework employees are paid on a per-unit basis rather than on an hourly basis, and a different formula is used to calculate their overtime compensation. *See* 29 C.F.R. §§ 778.109, 778.111. If Wallace was a piecework employee rather than an hourly employee, Kids for the Future was not required to pay her for all hours worked or pay her 1.5 times her regular rate for any overtime hours as Wallace asserts in her claims. *See* 29 C.F.R. § 778.110 (addressing wages due to hourly rate employees).

To support its argument that Wallace was a piecework employee, Kids for the Future has produced Wallace's time and payroll records showing that she was consistently paid based on the units of billable services she provided rather than her total hours worked. *See* Mest Aff. at Ex. 1. These records also show that Wallace routinely recorded non-billable

4

time (to include "Ancillary Time"), but that this time only factored into her pay when it was used to calculate her regular rate for weeks that she exceeded forty hours and was due an overtime premium. *Id*. For the weeks Wallace recorded more than forty hours, it appears Kids for the Future computed her overtime premium using the rules for piecework employees. *See Id*.; 29 C.F.R. § 778.111(a).

In addition to the time and payroll records, Kids for the Future has produced an email sent to Wallace shortly after her orientation that included slides explaining her pay method in detail. Def.'s Reply at Ex. A, Doc. No. 23-1. The slides are complete with examples showing Wallace how her pay would be calculated in both overtime and non-overtime weeks. *Id*. at 11–14. The email also includes slides addressing time sheet completion, pay rates for various billable units, and policies on tracking non-billable time. *Id*. at 4–8, 16–18. The text of the email states that the attached slides "contain information that we went over with you during orientation." *Id*. at 3.

In an effort to overcome summary judgment, Wallace has presented a sworn declaration [Doc. No. 20-1] in which she states that Kids for the Future hired her as an "hourly-paid" employee. Wallace Decl. ¶ 4; *see also* Compl. ¶ 14. She asserts that Kids for the Future told her she would be paid $7.50 per fifteen-minute increment. Wallace Decl. ¶ 14. Wallace also contends that Kids for the Future never explained to her how her overtime wages would be calculated, and that she did not agree to the method it used. *Id.*

5

While all reasonable inferences must be drawn in Wallace's favor, all of the reliable evidence supports Kids for the Future's contention that Wallace was paid on a piece rate basis and was not an hourly-paid employee. Wallace's contention that she was hired as an hourly-paid employee and never told how her overtime wages would be calculated is soundly refuted by the email and slides she received shortly after her orientation, as well as the almost two and a half years of time and payroll records Kids for the Future presented showing that she was paid on a piece rate basis. Wallace cannot overcome summary judgment by simply alleging she was an hourly-paid employee when the record evidence overwhelming demonstrates that she was not. *See Aunforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010) (self-serving allegations and denials are insufficient to create a genuine issue of material fact).

Moreover, Wallace's own declaration undermines her claim that she was an hourly-paid employee. She states that she often did not record all of her non-billable time unless she worked more than forty hours, because she knew she would not be paid for it. Wallace Decl. ¶ 8. This admission supports Kids for the Future's assertion that it hired Wallace as a piecework employee and that she understood the pay model. At a minimum it shows that Wallace knew she would not be paid an hourly rate for all hours worked. Despite this, Wallace argues that she was an hourly employee because her pay for billable services was calculated using fifteen minute increments. This argument is unpersuasive because Wallace does not cite any authority suggesting that a piecework unit cannot be a time-based service

billable to an insurance company. *See* Wallace Decl. ¶ 11; Mest Aff. ¶ 16.

Based on this record, no reasonable juror would find that Wallace was an hourly-paid employee. Summary judgment is therefore granted on her claims for unpaid wages and overtime because, as alleged, those claims depend on her being hourly-paid. While Wallace now argues that even as a piecework employee she did not agree to Kids for the Future's method of calculating her overtime pay, Pl.'s Resp. Mot. Summ. J. at 6–15, Doc. No. 20, she cannot raise new claims in response to a motion for summary judgment. *See Hildreth v. City of Des Moines*, 773 F.App'x 334, 335 (8th Cir. 2019).

B.  Mileage & Travel Expense Claim

Wallace's complaint also alleges that Kids for the Future committed an additional overtime violation by not reimbursing her for mileage and travel expenses. Compl. ¶ 35. An employer's failure to reimburse mileage and travel expenses, however, is not necessarily an overtime violation when the employee's pay exceeds the minimum wage after factoring in the de facto deduction. *See* Department of Labor Wage and Hour Division Field Operations Handbook ("DOL Handbook"), Chapter 32, Section 32j08; *see also Athan v. United States Steel*, 364 F.Supp.3d 748 (E.D. Mich. 2019). Kids for the Future argues that Wallace has not sufficiently pled this claim, and that it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). To the extent this claim can be disentangled from Wallace's other claims that are premised on her being an hourly-paid employee, it is dismissed because Wallace has not pled that a deduction resulted in her receiving less than the minimum wage

for any week, or that Kids for the Future was otherwise required to reimburse her for mileage and travel expenses pursuant to the parties' agreement or applicable law. *See* DOL Handbook, Chapter 32, Section 32j08(c).

### C. Motion for Conditional Certification

Wallace's motion for conditional certification [Doc. No. 8] is denied as moot. Denial is appropriate because Wallace's status as a piecework employee is fatal to her individual claims, *see supra* Section III.A, and she cannot show that potential opt-ins are similarly situated when her complaint contains such a crucial misstatement of fact. *See Salmon v. XTO Energy, Inc.*, Case No. 4:19-CV-00768-BSM, 2020 WL 5803608, at *2 (E.D. Ark. Sept. 29, 2020) (denying conditional certification when plaintiffs failed to demonstrate the existence of a class of similarly situated individuals).

### D. Motion for Leave to Amend

After Kids for the Future filed its motion for summary judgment, Wallace filed a motion for leave to amend her complaint. Doc. No. 22. Her proposed amendment would add a claim alleging that Kids for the Future failed to include the value of her nondiscretionary bonuses when calculating her regular rate of pay for overtime purposes. Other than adding this new claim, the proposed amended complaint appears identical to the original complaint, including Wallace's allegation that she was an hourly-paid employee. While this new claim is not necessarily contingent on Wallace being an hourly employee, her motion for leave to amend is denied because the proposed amended complaint is a collective action and Wallace

cannot show that potential opt-ins are similarly situated. *See Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (discussing futility of amendment). This is true because the amended complaint would continue to allege that Wallace was an hourly-paid employee and assert other claims premised on this misstatement of fact. *See supra* Section III.C.

## IV. CONCLUSION

For the foregoing reasons, Kids for the Future's motion for summary judgment [Doc. No. 15] is granted on the issue of Robbie Wallace's pay method. Wallace's complaint [Doc. No. 1] is dismissed with prejudice because her claims depend on her mistaken allegation that she was paid on an hourly basis. Wallace's motion for conditional certification [Doc. No. 8] is denied as moot, and her motion for leave to file an amended complaint [Doc. No. 22] is denied because amendment would be futile as a collective action.

IT IS SO ORDERED this 3rd day of January, 2023.

*[signature]*
UNITED STATES DISTRICT JUDGE